UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIKHAEL AMIRUL EL,

      Plaintiff,

v.

CHARTER COUNTY OF WAYNE
MICHIGAN, et al.,

      Defendants.
_____/

Case No. 23-cv-12587
Honorable Linda V. Parker

## OPINION & ORDER OF SUMMARY DISMISSAL

Plaintiff has initiated this pro se action against twenty (20) Defendants. He seeks damages allegedly caused by conduct on various dates between January 10, 2020 and March 27, 2023. From what the Court can discern from Plaintiff's Complaint, he claims to be a Moorish American, not subject to the laws of any State, and thus his arrest and detention and the seizure of his property were unlawful. In his Complaint, Plaintiff also claims he was denied a name-change form, although it is difficult to discern what law he believes was violated as a result of this denial. For the reasons that follow, the Court finds the allegations in the Complaint not arguably plausible and therefore is dismissing for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

"[A] district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) . . . when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)); *Mallard v. U.S. Dist. Court for S. Dist. Of Iowa*, 490 U.S. 296, 307-08 (1989) ("[The in forma pauperis statute], for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have the power to do so even in the absence of this statutory provision."). This power stems from the bedrock principle that "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For that reason, courts are "obligated" to assure themselves of subject matter jurisdiction sua sponte, whether a party raises the issue or not. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

"Federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous . . .." *Havans v. Lavine*, 415 U.S. 528, 536-37 (1974) (internal citations and quotation marks omitted). However, dismissal on these grounds is appropriate "only in the rarest of

circumstances where . . . the complaint is deemed totally implausible." *Id*. at 480. The claims must be "flimsier than 'doubtful or questionable'—they must be 'essentially fictitious.'" *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting *Hagans*, 415 U.S. at 536-37).

Plaintiff's allegations in this case meet that definition. They are "not arguably plausible."

First, Plaintiff appears to claim that the actions alluded to in his Complaint were unlawful solely because he is a Moorish American and thus not subject to the laws of the United States (i.e., he is a "sovereign citizen"). He refers to the United Nations Declaration on Rights of Indigenous People and the Treaty of Peace and Friendship 1787 between Morocco and the United States. The Sixth Circuit has repeatedly rejected such claims as being without merit. *United States v. Coleman*, 871 F.3d 470, 476 (2017) (collecting cases rejecting complaints based on claims of sovereign citizenship). Complaints raising such claims are routinely dismissed as meritless in this District. *See, e.g., People of Temple No. 13 v. Michigan*, 21-cv-10328, 2021 U.S. Dist. LEXIS 49002 (E.D. Mich. Mar. 16, 2021); *Moors on behalf of Grady El v. Canton Police Dep't,*, 20-cv-10361, 2020 WL 230879, at *4 (E.D. Mich. May 8, 2020); *Grayson-Bey v. Hutchinson*, 20-cv-10487, 2020 WL 1047730 (E.D. Mich. Mar. 4, 2020). Arguments based on sovereign citizen theories "have been uniformly rejected by the federal courts" for decades. *Smith v.*

*Heyns*, No. 13-14013, 2014 WL 3687119, at *2 (E.D. Mich. July 24, 2014); *see also United States v. Ward*, No. 98-30191, 1999 WL 369812, at *2 (9th Cir. May 13, 1999) (noting that arguments based on sovereign citizen theories are ordinarily rejected "without extended argument").

Second, Plaintiff appears to be challenging state-court criminal proceedings, including the related seizure and perhaps forfeiture of certain property. However, Plaintiff's vague allegations do not address the legality of his arrest and the seizure of this property other than referring to his sovereign citizenship. In other words, his pleading does not suggest a lack of probable cause for the arrest or seizure. *See, e.g., Thacker v. City of Columbus*, 328 F.3d 244, 255 (6th Cir. 2003) (citing *Crockett v. Cumberland Coll.*, 316 F.3d 571, 580 (6th Cir. 2003)) (explaining that to prove a Fourth Amendment violation, a plaintiff must show that probable cause was lacking).

Third, Plaintiff's claims against judicial officers who presided over those state-court proceedings are entitled to judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

Fourth, Plaintiff alleges a conspiracy between several named defendants, but he does not allege facts to support the existence of a conspiracy or the actions of each individual defendant in furtherance of the alleged conspiracy. *See Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) ("It is well-settled that conspiracy

4

claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983"); *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under [42 U.S.C.] § 1983 can be held liable based only on their own unconstitutional behavior."). Relatedly, except for listing them at the beginning of his pleading as defendants, Plaintiff does not refer to several individual defendants in the body of his Complaint to support claims against them (Kinloch Jonathan, Cody Swartz, Beatrice Millender, Joseph Dillard, Joseph Gasper, Denise Gray, Michael Goch, and Jodi Deangelo).

Plaintiff also does not plead facts to support any claims against Wayne County, the Michigan State Police, the 36th District Court, or the Detroit Detention Center. These defendants cannot be held liable under § 1983 merely due to alleged misconduct of employees. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978) (disavowing § 1983 liability under a respondeat superior theory). Further, the Michigan State Police is not a "person" subject to suit under § 1983 and is protected by sovereign immunity. *Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. 1999); *see also Scott v. Michigan*, 173 F.Supp.2d 708, 714 (E.D. Mich. 2001). The 36th District Court also is an arm of the State and entitled to sovereign immunity. *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 760 (6th Cir. 2010) (citations omitted).

For these reasons, the Court **SUMMARILY DISMISSES** Plaintiff's Complaint pursuant to Rule 12(b)(1).

**SO ORDERED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: October 23, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 23, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager